


# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RONALD RAY SMITH, et al.,

    Plaintiffs,

v.

PACIFIC PROPERTIES AND DEVELOPMENT CORPORATION,

    Defendant.

Case No. CV-S-01-1277-LDG (LRL)

**ORDER**

    The plaintiffs, Ronald Smith and Disabled Rights Action Committee (DRAC), allege that defendant Pacific Properties and Development Corporation has developed several rental dwelling communities, and that these communities and dwelling units in the communities have various architectural features that discriminate against handicapped persons. Pacific Properties moves to dismiss (#3) the complaint on various theories.

<u>Motion to Dismiss</u>

    In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts as true the material allegations of the complaint and construes them in the light most favorable to the plaintiff. *Jacobellis v. State Farm Fire & Cas. Co.*, 120 F.3d 171, 172 (9th Cir. 1997). A dismissal under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on

a question of law. *Lewis v. Telephone Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996). For a defendant to succeed, it must appear to a certainty that the plaintiff will not be entitled to relief under any set of facts that could be proven under the allegations of the complaint. *Jacobellis,* 120 F.3d at 172.

Background

The plaintiffs' complaint alleges that Pacific Properties has constructed, for first occupancy after March 13, 1991, five residential rental communities within Las Vegas. Smith, who requires a wheelchair for mobility, visited four of the communities in November and December 1997 and January 1998. During the visits he encountered inaccessible architectural features, such as interior doorways that were too narrow and thermostats placed too high. Smith filed complaints with the United States Department of Housing and Urban Development (HUD) as to each of these four communities in early 1998.

As a result of Smith's complaints, HUD investigated and confirmed the existence of discriminatory conditions at the four properties. On February 18, 2001, the United States filed both a complaint against Pacific Properties and a Consent Decree.

On July 19, 2001, Smith visited an additional Pacific Property community, Savannah, and encountered unidentified architectural features limiting accessibility in common areas.

On October 30, 2001, the plaintiffs filed the instant complaint, alleging a claim discriminatory conditions of sale or rental pursuant to 42 U.S.C. §3604(f)(2), a claim of "Notice of Limitation and Discrimination Based on Handicap" pursuant to 42 U.S.C. §3604(c), and a claim for "Disgorgement."

Discriminatory Conditions of Sale or Rental

Pacific Properties asserts that neither the individual plaintiff, Ron Smith, nor the organizational plaintiff, DRAC, have alleged standing to bring a claim pursuant to 42 U.S.C. §3604(f)(2). Specifically, the defendant asserts that Smith has not alleged an injury in fact, because he has not alleged that he was a resident of any of the communities or that he had

any interest in becoming a resident of any of the communities. Further, Pacific Properties asserts that, as Smith cannot show standing, and as DRAC has not specifically alleged the standing of any other individual plaintiff that it represents in this matter, DRAC also lacks standing.

Smith concedes that he has not alleged that he is a resident or interested in becoming a resident of any of the Pacific Properties' communities in the Las Vegas area. Nevertheless, he argues that §3604(f)(2) extends standing to "any person," and thus he has "tester standing."[1] Smith relies upon cases construing §3604(d), which prohibits misrepresentations to "any person" regarding the availability of a dwelling because of handicap, race, or other enumerated factors. Courts have uniformly held that, by §3604(d), Congress created a new substantive right (to be free from misrepresentation) that extends to "any person." As such, the violation of this right as against any person is an injury-in-fact that confers standing upon the person to whom the misrepresentation was made. The person need not have had an actual interest in renting or buying a dwelling, but only an interest in receiving accurate information regarding the availability of a dwelling. Smith suggests that, through §3604(f)(2), Congress created a substantive right to the opportunity to buy or rent a dwelling without being subjected to discrimination.

Smith's argument fails, because §3604(f)(2) does not create a broad right to the opportunity to buy or rent a dwelling that is unconnected to any interest in actually renting or buying a dwelling. Rather, to the extent that §3604(f)(2) creates a new substantive right in the housing market, it is the right of any person to be free from discrimination in the terms, conditions, or privileges of sale or rental of a dwelling. The court recognizes that this right is not limited to the renter or buyer of a dwelling. Nevertheless, the injury must arise from a

---

[1] A tester lacks any interest in renting or buying a dwelling, but nevertheless represents himself as being interested in buying or renting the dwelling in order to determine whether the seller or landlord is engaging in discrimination.

3

violation of this right, not from a violation of a broader but unrecognized 'right to the opportunity to rent.'  For example, while §3604(d) extends to any person the right to be free of misrepresentation, standing is extended only to those persons to whom a misrepresentation is made.  Similarly, while §3604(f)(2) extends certain rights to any person, standing is extended only those persons who have been subjected to discrimination in the terms, conditions, or privileges of sale or rental of a dwelling.  While a "tester" may have standing under §3604(f)(2), the language of §3604(f)(2) makes plain that the injury to the tester must arise from something more than merely observing a discriminatory architectural feature.  In this matter, Smith has alleged only that he observed architectural features that limited accessibility at the subject properties.  Accordingly, Smith lacks standing.  Further, DRAC has not shown that it has standing separate and apart from Smith.  Accordingly, the court will dismiss the first claim.

Notice of Limitation

Pacific Properties asserts that the second claim must be dismissed, as the plaintiffs have not stated a cognizable claim.  Specifically, Pacific Properties asserts that the design and construction of a building does not constitute a notice or statement of discrimination cognizable under 42 U.S.C. §3604(c).  Smith and DRAC assert that the discriminatory architectural features constitute a "notice of limitation and discrimination based on handicap," prohibited by 42 U.S.C. §3604(c).

Section 3604(c) provides, in relevant part, that it is unlawful "to make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on . . . handicap . . . or an intention to make any such preference, limitation, or discrimination."  The subsection plainly applies to the notices, statements, or advertisements of discrimination intended to convey a message, not to the underlying discriminatory condition merely because it can be observed.  While §3604(c) may not require

4

an intent to convey a message of discrimination, the plain language of the subsection requires and intent to convey some message in the form of a notice, a statement, or an advertisement. The court cannot agree that an architectural feature, such as the width of a doorway or the height of a thermostat, was chosen and executed with an intent to convey some message. Further, such architectural features are not in the form of a notice, a statement, or an advertisement. Accordingly, the court will dismiss this claim.

Disgorgement

In their last "claim," Smith and DRAC seek the remedy of disgorgement. Not only must this remedy be dismissed as there is no cognizable claim in this case, but the court notes the lack of any case law suggesting that Smith and DRAC (as non-governmental plaintiffs) can employ this remedy against an entity with whom they lack privity.

Therefore, for good cause shown,

THE COURT **ORDERS** that Defendant's Motion to Dismiss (#3) is GRANTED.

DATED this __10__ day of October, 2002.

Lloyd D. George
United States District Judge

5